IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL LAMBERT, et al.,              ) | |
| ) | |
| Plaintiffs,       ) | |
| ) | |
| vs.                              ) | Case No.  3:16 CV 513 MJR/RJD |
| ) | |
| ALEXANDER COUNTY HOUSING  ) | |
| AUTHORITY, et al.,              ) | |
| ) | |
| Defendants.    ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court pursuant to the discovery dispute conference held on February 17, 2017.  (Doc. 67.)  On May 10, 2016, Plaintiffs, who are residents of the McBride and Elmwood developments in Cairo, Illinois, filed a complaint against Defendants Alexander County Housing Authority, James Wilson, and Martha Franklin. (Doc. 1.)  On February 13, 2017, Plaintiffs filed an amended complaint, alleging claims of housing discrimination based on race and familial status, breach of contract, and failure to maintain rental units.  (Doc. 66.)  On February 17, 2017, the Court held a discovery dispute conference regarding Defendants' responses to Plaintiff's discovery requests.  Following the discovery dispute conference, the sole remaining issue was whether Defendants could assert deliberative process privilege to withhold the executive session minutes requested by Plaintiffs, and the parties submitted briefs on the issue.  (Docs. 71, 72.)

Plaintiffs argue that Defendants waived deliberative process privilege by failing to assert it in a timely manner.  Parties must respond or object to requests for production within thirty days of service.  Fed. R. Civ. P. 34(b).  To assert privilege with respect to discovery requests, a

party must describe the withheld discovery materials in a manner that will allow other parties to assess the assertion of privilege. Fed. R. Civ. P. 26(b)(5). Failure to comply with these provisions may result in the waiver of privilege. *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001). As stated by the *Ritacca* court:

> Acknowledging the harshness of a waiver sanction, courts have reserved the sanction for those cases where the offending party committed unjustified delay in responding to discovery. Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver. In contrast, evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver. In the end, the determination of waiver must be made on a case-by-case basis.

*Id.*

According to Plaintiffs' submissions, Plaintiffs first issued a specific request for the executive session minutes on November 28, 2016. During a teleconference on January 12, 2017, Defendants did not expressly assert deliberative process privilege; however, Defendants questioned whether Plaintiffs were entitled to discover the executive session minutes, and Plaintiffs responded that they would follow up separately on the executive session minutes. On February 17, 2017, during the discovery dispute conference, Defendants asserted deliberative process privilege for the first time. Although Defendants should have asserted the deliberative process privilege sooner, Defendants' conduct falls short of the conduct described in the cases cited by Plaintiffs, which consisted of misrepresentation, evasive behavior, and a cavalier attitude with regard to the rules and orders. *See Ritacca*, 203 F.R.D. at 335-36; *Slabaugh v. State Farm Fire & Cas. Co.*, 2013 WL 4777206, at *2 (S.D. Ind. Sept. 5, 2013). The Court concludes that Defendants' conduct does not warrant the harsh sanction of waiver.

Defendants argue that the deliberative process privilege applies to the executive session minutes and that Plaintiffs have failed to set forth a particularized need that outweighs the need for confidentiality. "The deliberative process privilege protects communications that are part of

the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). "The deliberative process privilege may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality." *Id.* Defendants have submitted the executive session minutes for in camera review. Upon review of the executive session minutes, the Court finds that the executive session minutes reflect pre-decisional policy discussions. Plaintiffs argue that records of board votes are not pre-decisional but are themselves decisions, which are not subject to the deliberative process privilege. However, the executive session minutes contain no records of board votes.

With respect to a particularized need, Plaintiffs argue that the executive session minutes may provide evidence of intent to discriminate against residents on the basis of race or familial status and that the minutes are of heightened importance due to the unavailability of other evidence. The Court finds the cases cited by Plaintiffs to be instructive on whether Plaintiffs demonstrate a particularized need. *See Gibbons v. Vill. of Sauk Vill.*, 2016 WL 7104255 (N.D. Ill. 2016) *Sronkoski v. Schaumburg Sch. Dist., No. 54*, 2009 WL 1940779 (N.D. Ill. 2009). In the employment discrimination cases of *Gibbons* and *Sronkoski*, the plaintiff employees had knowledge prior to moving to compel that the defendant employers had discussed the plaintiffs' employment at specific board meetings and requested records for those specific board meetings. The courts in *Gibbons* and *Sronkoski* reviewed the records at issue and determined that the records were relevant to the plaintiffs' claims. The courts then concluded that the plaintiffs had demonstrated a particularized need and ordered the defendants to produce the records over their assertions of deliberative process privilege.

Here, Plaintiffs seek executive session minutes from 2012 to the present date without any effort to narrow the request to specific board meetings in which Defendants discussed topics

relevant to Plaintiffs' claims. Rather, Plaintiffs broadly seek information regarding discussions on, *inter alia*, salaries, rental unit maintenance, and residential applications. Plaintiffs' scattershot approach stands in stark contrast to the particularized requests in *Gibbons* and *Sronkoski*. Accordingly, the Court finds that Plaintiffs have not demonstrated a particularized need with respect to the executive session minutes.

## CONCLUSION

It is hereby ORDERED that Plaintiffs' request to overrule Defendants' assertion of deliberative process privilege with respect to Plaintiffs' request for Defendants' executive session minutes is DENIED.

**SO ORDERED.**

**DATED: March 27, 2017**  *s/ Reona J. Daly*
UNITED STATES MAGISTRATE JUDGE