IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL LAMBERT, MARY HOLDER, BARBARA HOLDER, PAMELA PURDIMAN, SHAMEKA NELSON, KIMBERLY SIMELTON, CHENA BRAZIL, SHAWNYA WILLIAMS, MYRA RAYFORD, ELISHA LEE, ANGELA MITCHELL, AARON HALL, MONICA WOODSON, CHAUNCEY DAVIS, CHARLOTTE VIEL, DANIELLE LOWE, KIMBERLY MCALLISTER, JACQUELINE VAUGHN, DENIESHIA CHILDRESS, LENECA BALDWIN, TIARRA BEDFORD, SHENUNITH ELLIS, LILLIE JONES, AUDREY TABOR, KELSEY LOWE, DESHAWNA WASHAM, TANISHA JOHNSON, BEVERLY DAVIS, JEANETTE DAVIS, CHARMAINE LAMBERT, CARLOS TRENTON, and THERAS HEARD, on behalf of themselves and all others similarly-situated, | |
| Plaintiffs, | Case No. 16-cv-513-MJR-RJD |
| vs. | |
| ALEXANDER COUNTY HOUSING AUTHORITY, JAMES WILSON, and MARTHA FRANKLIN, | |
| Defendants. | |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

On February 13, 2017, Plaintiffs filed a third amended complaint alleging that Defendants engaged in racial and family status discrimination at the McBride and

1

Elmwood family housing developments in violation of the Fair Housing Act, 42 U.S.C. § 3604, Title VI of the Civil Rights Act, and the Illinois Civil Rights Act of 2003. On April 14, 2017, counsel for Plaintiffs Latonya Lee and Denieshia Childress moved to withdraw. (Doc. 82). According to the motion, counsel for Childress attempted to contact her repeatedly by phone and by letter, and she did not respond to their attempts. Magistrate Judge Reona J. Daly granted the motion to withdraw on April 17, 2017. (Doc. 83). Counsel moved to withdraw from representing Coretta Cornelius on May 9, 2017. (Doc. 90). The motion was granted on May 10, 2017. (Doc. 92).

During a June 15, 2017, telephone status conference, counsel for the represented plaintiffs and for the defendants indicated that they had reached a tentative settlement and that the claims of the represented plaintiffs were ready for a 60-day order of dismissal. (Doc. 93). Lee, Childress, and Cornelius did not appear and did not participate in the settlement negotiations. After the hearing, Magistrate Judge Daly entered an order as to Lee, Childress, and Cornelius (Doc. 95) directing them to inform the Court in writing by July 14, 2017, whether they intended to proceed with their claims. They were warned that failure to comply with the Court's order could result in dismissal of their claims for want of prosecution. The order was mailed to the three plaintiffs at their last known addresses. Denieshia Childress responded (Doc. 96) and indicated that she would like to proceed with her claims *pro se*, but Lee and Cornelius did not respond. On August 1, 2017, the claims of Lee and Cornelius were dismissed for failure to prosecute.

Magistrate Judge Daly scheduled a telephone status conference for August 14,

2017, to discuss the status of Childress's claims (Doc. 100). Childress was warned that failure to participate in the status conference could lead to the dismissal of her claims for lack of prosecution. The order was sent to Childress at her address of record, but she failed to appear at the status conference. (*See* Doc. 101).

Childress's failure to appear and to participate in this action leads the undersigned to conclude that she has failed to properly prosecute her claims. Accordingly, the Court hereby **DISMISSES** the claims of Plaintiff Denieshia Childress pursuant to Federal Rule of Civil Procedure 41(b).

On July 27, 2017, the represented plaintiffs filed a stipulation of dismissal with prejudice and without costs, each party to bear its own attorneys' fees. (Doc. 97). Federal Rule of Civil Procedure 41(a)(1)(ii) permits a plaintiff to voluntarily dismiss a case without a court order by filing a stipulation of dismissal signed by all parties who have appeared.  In this case, however, the stipulation was not signed by all parties who had appeared at the time it was filed, and Rule 41(a)(2) requires an order by the Court to dismiss the claims. Having reviewed the record, the undersigned **FINDS** that the request of the represented Plaintiffs to dismiss their claims with prejudice is appropriate. The claims of the represented Plaintiffs are hereby **DISMISSED with prejudice** and without costs, each party to bear its own attorneys' fees. As no claims remain pending, the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.
DATED: September 12, 2017

*s/ Michael J. Reagan*
MICHAEL J. REAGAN
**United States District Judge**